We didn't know. They didn't say we didn't know. And they didn't say we plaintiffs did not know. For all that that when somebody puts a an allegation in a complaint, one has to assume that they know what they're alleging. One doesn't assume the opposite, that they don't know. So when they say that this was a police officer driving a police, a car owned by the city, was an agent and employee of the city, and was acting on behalf of the city. However, they came to that conclusion, one has to assume they didn't, they didn't know. And she said in a reply brief, we didn't know that. Then that it might be different, but she waived that by not even addressing the point in her reply brief. No aspect of that quotation from the case that you mentioned was addressed at all in their reply brief. They didn't challenge it on any basis. On that basis or any other basis. You know what the police officer was doing at the time. What was she doing? I understand that she was transporting evidence from one location to another. I would just for the, for the record, I have something popped up on my screen, and I want to read it because it concerns me I haven't seen it before. It says this meeting is being recorded by the host or a participant. The account owner can also watch this recording if it's stored in the cloud. Any participant granted permission can one record to their local device, or to invite an app to record for them. These individuals can share these recordings and apps and others by staying in this meeting you consent to being recorded. I just want to let everyone know who might be watching in present that no one is allowed to record this, except for the appellate court. And if anybody is doing that and uses it for any reason, they would be in violation of the law, as I understand it. So, I wanted to make that clear in case somebody is trying to record this. So, the questions I have. I have a question. I think counsel, you're conceding that this would be a very different case. If we would have had a different complaint. Yeah, I have no idea what would be different because I don't know what the allegations of that different complaint would be. But based on what we have, it seems that it was never an issue in the trial court and certainly does not seem to be an issue here today. I'm not sure which point are you saying is not an issue. I'm speaking of the judicial admissions concerning the course of conduct. Yes, it didn't become an issue. The words judicial admission were not mentioned in the trial. And they were mentioned in our response brief on appeal. And we certainly had the right to do that because we were the winner in the circuit court. We could present any argument that would support the judgment and certainly the proper characterization of the allegations of the original complaint as judicial admissions was something that was proper for us to raise in our response brief in this court. And there's nothing in the underlying record that would suggest that this was a disputed issue. No, no indication at all. Thank you. Okay, rebuttal. Yes, thank you. Your honor. Just going briefly back to the issues that we talked about today. I believe that the the knowledge question is important. And we're looking at this because the trial order was based on judicial admissions though these weren't raised so that is before us, Your Honor. And I don't think that the we have a verified original complaint. The response that was relied on by the trial court was not a verified motion or pleading. I do believe that it was error for the trial court to not allow the amendment. Despite the judicial admission issue, Your Honor. Additionally, what would be the basis for that. I mean, if we can't, we can't, you've already conceded it so what is left. The only argument left Your Honor is that the amendment would have fixed that in my perspective. By making something up. No, Your Honor by changing the pleading to no longer be a judicial admission through the case that I cited before. Look, she was either an agent acting as an agent and of course the scope of her employment or she wasn't and if there's any basis to say that she wasn't. Hearing it now would be the first time it would have been uttered in this entire litigation. We also never had anything proffered that she was acting within the scope of her employment from the defendants, Your Honor. Got it from you. And that was that was the allegation. Yes, Judge I also believe, just in further argument if I may go into the issue of whether or not the store toward immunity and should have applied. I just don't think it should have your honor to the individual defendant and I think the case law supports the negligence action going forward with the individual defendant. Okay. Any further questions I'm done. All right. Thank you for the briefs and for the argument, we will take this matter under advisement and issue our decision forthwith. Thank you very much.